OPINION
{¶ 1} Defendant-appellant Sylvester Snow appeals from his conviction and sentence for one count of possession of cocaine (less than 1 gram, crack cocaine), in violation of *Page 2 
R.C. § 2 2925.11(A), a felony of the fifth degree.
 {¶ 2} On June 21, 2006, Snow was charged by indictment with one count of possession of cocaine (less than 1 gram, crack cocaine). Snow was arraigned on April 12, 2007, stood mute, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On April 23, 2007, Snow filed a motion to suppress. A hearing was held on said motion on May 31, 2007. After the hearing had been continued to allow Snow an opportunity to present additional evidence regarding his motion to suppress, Snow informed the trial court that he wished to enter a no contest plea to the charged offense. The trial court accepted his no contest plea on May 31, 2007. Moreover, on June 4, 2007, the trial court filed a judgment entry which overruled Snow's motion to suppress. On July 3, 2007, the trial court sentenced Snow to five years of community control and suspended his driver's license for six months. Snow filed a timely notice of appeal with this Court on August 1, 2007.
 I {¶ 4} On April 20, 2006, members of the Dayton Police Department's Narcotics Bureau received information regarding illegal drug activity from the apartment manager at the Biltmore Towers located at 210 N. Main Street. Specifically, the police were contacted about complaints of drug activity in apartments 909 and 910. Detective Douglas M. Hall testified that he and three other officers from the Narcotics Bureau then went to Apt. 909 and knocked on the door. Snow answered the door to the apartment, and the officers immediately explained the purpose for their visit. Snow denied that any drug activity had occurred in his apartment and invited the officers in to investigate.
 {¶ 5} Upon entering the apartment, the officers observed a razor blade alongside a *Page 3 
small amount of crack cocaine residue on the coffee table. The officers also found a piece of crack cocaine residue on the floor. After the contraband was discovered, Snow executed a consent to search form and signed the document in the presence of Sergeant Spears, one of the officers who initially entered Snow's apartment. Detective Hall testified that he overheard Sgt. Spears read Snow his Miranda rights, which he then waived.
 {¶ 6} Ultimately, Snow pled no contest to one count of possession of cocaine (less than 1 gram, crack cocaine), and was sentenced accordingly. Snow appeals the denial of his motion to suppress the incriminating statements he allegedly made to the police officers at the time of his arrest.
 II {¶ 7} Snow's sole assignment of error is as follows:
 {¶ 8} "THERE WAS NO COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE TRIAL COURT'S DECISION TO OVERRULE THE MOTION TO SUPPRESS STATEMENTS."
 {¶ 9} In his sole assignment of error, Snow contends that the trial court erred when it denied his motion to suppress the incriminating statements he made to law enforcement officers after the latter discovered crack cocaine in his apartment. However, Snow failed to challenge any issue with regard to the statements he made to police officers in his initial motion to suppress. In fact, the original motion only sought to suppress the contraband evidence retrieved from Snow's apartment on the day of the search in question. The motion did not mention the statements Snow made to the police officers regarding his ownership of the contraband.
 {¶ 10} At the conclusion of the hearing on the motion to suppress, the following *Page 4 
exchange occurred:
 {¶ 11} "Defense Counsel: Your Honor, I believe she has correctly stated the law as far as the search at this point from the testimony that was heard as far as by getting into the apartment because it appears that, and there's no contradictory evidence, that they were invited in.
 {¶ 12} "Would note though that during the course of the State's direct— I had not initially addressed any statements in my motion. But duringthe State's direct, there was some discussion at that point that therewas a statement from my client and we would ask that would be amendedthat — to cover that since the State actually opened the door on thatissue.
 {¶ 13} "And would note that no one saw Mr. Snow, there's been no evidence presented from someone that his Miranda rights were given and waived. So, we would suggest to the Court at the very least that any statements be suppressed.
 {¶ 14} "The State: Your Honor-.
 {¶ 15} "The Court: Let me deal first with the second part, with the second part of your request. If you wish to challenge the issue withstatements, I would require that you file and I would allow you leave tofile an amended motion or a separate motion that was not in the motionthat was set for today.
 {¶ 16} "And under Xenia v. Wallace, I don't think that I should require the State to have presented evidence even though there was some evidence to that effect. I think the evidence that was received at least without objection, was received by the Court as it may effect the voluntariness and the cooperation of Mr. Snow, not as it may or may not effect Miranda. So, I'm not going to deal with that issue in this motion here." *Page 5 
 {¶ 17} In light of the above excerpt from the hearing on the motion to suppress, the only issue before the trial court was whether the physical evidence from Snow's apartment was obtained properly based on the voluntary consent of the appellant. The original motion to suppress did not mention the incriminating statements made by Snow regarding ownership of the crack cocaine found in his apartment. The trial court then provided Snow with additional time in which to present evidence regarding the statements he allegedly made by allowing him leave to file an amended motion to suppress. Snow and his counsel accepted the trial court's offer of additional time, and the hearing was concluded.
 {¶ 18} However, less than an hour later, Snow reappeared before the trial court to request that he be allowed to amend his original plea of "not guilty" to a plea of "no contest." By pleading no contest to the possession charge, Snow waived his ability to challenge any issue regarding statements he made to police after being read hisMiranda warnings because he did not properly raise the issue before the trial court with an amended motion to suppress. Thus, we do not reach the merits of Snow's argument regarding the admissibility of the allegedly incriminating statements he made to the police upon being arrested for possession of cocaine.
 {¶ 19} Snow's sole assignment of error is overruled.
 III {¶ 20} Snow's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1